**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

JEANNIE M. RAMIREZ,
   Appellant,

  v.

UNITED STATES POSTAL SERVICE,
   Agency.

DOCKET NUMBER
SF-0752-18-0324-I-1
SF-0752-19-0407-I-1

DATE: May 5, 2023

# THIS ORDER IS NONPRECEDENTIAL[1]

Linda A. Albers, Esquire, Laguna Hills, California, for the appellant.

Catherine V. Meek, Esquire, Long Beach, California, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**REMAND ORDER**

The appellant has filed petitions for review of the initial decisions in these two appeals, which sustained her demotion and removal. For the reasons discussed below, we JOIN the two appeals,[2] GRANT the appellant's petitions for

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

[2] Joinder of two or more appeals filed by the same appellant is appropriate when doing so would expedite case processing and will not adversely affect the parties' interests.

review, VACATE the initial decisions, and REMAND the appeals to the regional office for further adjudication in accordance with this Remand Order.

## BACKGROUND

¶2  The appellant was formerly employed by the agency as Postmaster of the Sunset Beach Post Office in Sunset Beach, California. *Ramirez v. U.S. Postal Service*, MSPB Docket No. SF-0752-18-0324-I-1, Initial Appeal File (0324 IAF), Tab 5 at 37. By letter dated June 2, 2016, the agency proposed the appellant's removal based on two charges of negligent performance of duties and unacceptable conduct. *Id.* at 43-53. The deciding official sustained both charges but mitigated the penalty to a one-grade demotion and reassigned the appellant to a position as a Supervisor, Customer Relations at the South Gate Post Office, effective June 10, 2017. *Id.* at 37-41. The appellant filed a formal complaint of discrimination alleging that her demotion was motivated by discrimination based on her race, color, age, sex, and retaliation for her prior equal employment opportunity (EEO) activity. *Id.* at 18. After receiving a final agency decision finding that she was not subjected to discrimination, the appellant filed a Board appeal challenging her demotion and raised affirmative defenses of discrimination and reprisal based on her EEO and whistleblowing activities. *Id.* at 18-34; 0324 IAF, Tab 1.

¶3  Meanwhile, the appellant initially reported to work at the South Gate Post Office in late June 2017 but thereafter began taking a mixture of annual leave, sick leave, leave without pay (LWOP), and LWOP in lieu of sick leave (SWOP). *Ramirez v. U.S. Postal Service*, MSPB Docket No. SF-0752-19-0407-I-1, Initial Appeal File (0407 IAF), Tab 19, Hearing Transcript at 41 (testimony of the appellant); 0407 IAF, Tab 6 at 27-30. By letter dated November 27, 2018, the agency ordered the appellant to return to work or provide medical documentation

---

*See Doe v. Pension Benefit Guaranty Corporation*, 117 M.S.P.R. 579, ¶ 23 (2012); 5 C.F.R. § 1201.36(a), (b). We find that these criteria are satisfied here.

showing that she was incapacitated from work. 0407 IAF, Tab 6 at 22-23. The appellant did not return to work and instead provided medical documentation from her doctor indicating that she had been treating the appellant for work stress since December 2017 and that the appellant required the following work accommodations: "she is able to work in a position similar to her prior job where she oversaw clerks, but not carriers, and should not be required to perform duties for which she has no prior training." *Id.* at 21. By letter dated December 11, 2018, the agency issued the appellant a notice of proposed separation-disability in which it notified her that it was proposing to administratively separate her in accordance with the Employee and Labor Relations Manual (ELM) section 365.34 because she had been absent from duty in excess of 365 days. *Id.* at 18-20. The appellant did not respond to the deciding official orally or in writing, and the deciding official issued a decision dated April 3, 2019, separating the appellant, effective April 5, 2019. *Id.* at 14-16. The appellant filed a Board appeal, challenging her removal and raising affirmative defenses of disability discrimination based on failure to accommodate, reprisal for her prior EEO activity, whistleblower reprisal, due process violations, and harmful procedural error. 0407 IAF, Tab 1 at 6, 9-18, Tab 13 at 4.

¶4      The administrative judge consolidated the appellant's demotion and removal appeals for purposes of holding a hearing. 0324 IAF, Tab 18 at 2; 0407 IAF, Tab 8 at 2. In a July 3, 2019 Order the administrative judge notified the parties that prehearing submissions would be due by August 22, 2019, a prehearing conference would be held on August 27, 2019, and the hearing would be held on September 10-11, 2019. 0324 IAF, Tab 19; 0407 IAF, Tab 10. She further notified the parties that because more than 45 days would pass with no activity on the case, she intended to suspend case processing sua sponte on a date after July 10, 2019, absent an objection from the parties. 0324 IAF, Tab 19 at 2; 0407 IAF, Tab 10 at 3. Thereafter, by order dated July 19, 2019, the administrative judge

suspended case processing for 30 days, beginning on July 19, 2019. 0324 IAF, Tab 20; 0407 IAF, Tab 11. The order notified the parties that case processing would resume on August 18, 2019, or if the Board was closed for business on that date, the parties' obligations would resume on the next business day. 0324 IAF, Tab 20; 0407 IAF, Tab 11.

¶5 After August 18, 2019, the administrative judge did not issue any orders regarding the resumption of case processing. On August 27, 2019, shortly before the scheduled prehearing conference, the parties filed a joint motion seeking to reschedule the deadline for prehearing submissions, the prehearing conference, and the hearing to allow them to complete discovery. 0407 IAF, Tab 12. The agency's attorney also emailed the administrative judge indicating that she could not participate in the prehearing conference and that the parties had filed a motion for a continuance. 0324 IAF, Tab 21 at 2; 0407 IAF, Tab 13 at 2. Neither party appeared for the scheduled prehearing conference on August 27, 2019. In an August 28, 2019 Order and Summary of Prehearing Conference, the administrative judge denied the parties' joint motion to continue and sanctioned them both for their failure to make appropriate prehearing submissions or participate in the prehearing conference. 0324 IAF, Tab 21; 0407 IAF, Tab 13. The sanctions imposed were that the administrative judge conducted the prehearing conference as if it had occurred as scheduled and stated that, although no witnesses were requested, she would approve the appellant and the deciding officials in the interests of justice. 0324 IAF, Tab 21 at 3, 5. The administrative judge also noted that no prehearing submissions or exhibits had been filed and apparently limited the parties' exhibits to those that were already a part of the record. *Id.* at 5.

¶6 After holding a hearing, the administrative judge issued separate initial decisions sustaining the appellant's demotion and removal and finding that the appellant failed to prove her affirmative defenses of discrimination, EEO reprisal, whistleblower reprisal, harmful procedural error, or due process violations.

0324 IAF, Tab 30, Initial Decision (0324 ID); 0407 IAF, Tab 21, Initial Decision (0407 ID).

¶7     The appellant has filed petitions for review in which she challenges the merits of the administrative judge's findings as well as asserts that the administrative judge's sanctions order constituted an abuse of discretion. 0324 Petition for Review (0324 PFR) File, Tab 1; 0407 Petition for Review (0407 PFR) File, Tab 1.[3]  The agency has not responded to the appellant's petitions.

## DISCUSSION OF ARGUMENTS ON REVIEW

The administrative judge's sanction order constituted an abuse of discretion.

¶8     On review, the appellant asserts that the administrative judge abused her discretion in imposing sanctions because both parties were confused regarding the deadlines while the case was suspended.  0324 PFR File, Tab 1 at 9-12; 0407 PFR File, Tab 1 at 23-25.  According to the appellant, she interpreted the administrative judge's case suspension order as having the effect of postponing discovery and trial preparation based on the language in the order that the parties' obligations would resume on August 18, 2019.  0324 PFR File, Tab 1 at 11; 0407 PFR File, Tab 1 at 24-25.  Therefore, the parties did not complete discovery. 0324 PFR File, Tab 1 at 11; 0407 PFR File, Tab 1 at 25.  Additionally, the appellant asserts that she did not believe the prehearing conference call would take place based on the case suspension and the agency counsel's email to the administrative judge indicating her unavailability to participate.  0324 PFR File, Tab 1 at 11-12; 0407 PFR File, Tab 1 at 25.

¶9     An administrative judge has the authority to sanction a party when necessary to serve the ends of justice.  5 C.F.R. § 1201.43.  In particular, an administrative judge may sanction a party for failure to comply with an order.

---

[3] With her petitions, the appellant submitted various documents.  0324 PFR File, Tab 1 at 29-44; 0407 PFR File, Tab 1 at 36-58.  In light of our decision to remand the appeals for further adjudication, we have not considered such documents on review.  On remand, the appellant may submit such documents as part of her prehearing submissions pursuant to the administrative judge's orders.

5 C.F.R. § 1201.43(a).  However, sanctions should be imposed only when a party has failed to exercise due diligence in complying with an order or has exhibited negligence or bad faith in its efforts to so comply.  *Ellshoff v. Department of the Interior*, 78 M.S.P.R. 615, ¶ 4 (1998).  Absent an abuse of discretion, the Board will not reverse an administrative judge's determination regarding sanctions.  *See Leseman v. Department of the Army*, 122 M.S.P.R. 139, ¶ 6 (2015).  Under all of the circumstances of this appeal, we agree with the appellant that the sanctions imposed in the form of limiting the witnesses and exhibits at the hearing constituted an abuse of discretion.

¶10    First, we find that the administrative judge should have issued a show cause order to afford the parties an opportunity to respond prior to imposing sanctions.  *See* 5 C.F.R. § 1201.43 (stating that before imposing a sanction, the judge shall provide appropriate prior warning, allow a response to the actual or proposed sanction when feasible, and document the reasons for any resulting sanction in the record).  Issuance of a show cause order was particularly appropriate here given that both parties failed to file prehearing submissions or appear for the prehearing conference, but filed a joint motion to continue through which they indicated they had not completed discovery and expressed clear intent to file prehearing submissions and participate in a prehearing conference and hearing on later dates.

¶11    Second, given the language in the July 3 and July 19, 2019 orders, the parties could reasonably have been confused regarding their obligations during the case suspension period.  Although the July 3, 2019 Order set forth a prehearing and hearing schedule, it also indicated that the administrative judge intended to sua sponte suspend case processing and that "no activity" would happen for 45 days.  0324 IAF, Tab 19; 0407 IAF, Tab 10.  The July 19, 2019 case suspension order did not explicitly state that the prior deadlines were unaffected and instead confusingly stated that the parties' obligations would "resume" on August 18, 2019.  0324 IAF, Tab 20; 0407 IAF, Tab 11.  Moreover,

neither order addressed whether the parties were to continue to engage in discovery during the suspension period, and under the circumstances, the parties' belief that discovery was stayed during the suspension period was not unreasonable.[4]

¶12    The parties could have made a timely attempt to confirm their understanding of the effect of the July 19, 2019 suspension order, instead of ignoring the deadline for making prehearing submissions and waiting until a few hours before the prehearing conference to file a motion for a continuance. Nonetheless, as noted above, we find compelling the appellant's assertions regarding the parties' confusion about the existing deadlines and obligations during and immediately after the suspension period. 0324 PFR File, Tab 1 at 11, 24-25. As a result, and considering the parties' belief that the case suspension served to delay completion of discovery, we conclude that the parties' failure to comply with prehearing deadlines did not evidence a lack of due diligence or rise to the level of negligence or bad faith .

¶13    Finally, we acknowledge that the appellant's failure to object to the administrative judge's sanction ruling by the deadline provided in the Order and Summary of Telephonic Prehearing Conference would normally result in waiver of her right to contest the ruling on petition for review. 0407 IAF, Tab 13 at 7; *see Tarpley v. U.S. Postal Service*, 37 M.S.P.R. 579, 581 (1988). However,

---

[4] We emphasize that case suspension orders should clearly explain the effect of the case suspension on existing deadlines. For example, the order could state that all deadlines previously set are unaffected by the case suspension or that the deadlines will be reset upon the end of the suspension period. If discovery is still pending, any case suspension order should advise the parties whether they should or should not continue to engage in discovery during the suspension period and the due date for the filing of any motion to compel. For example, the administrative judge could advise the parties that the deadline to file motions to compel will be stayed until the end of the suspension period and any such motions should be filed within a specific number of days after case processing resumes. Alternatively, the case suspension order could state that the deadline to file motions to compel is not tolled during the period of suspension, and such motions must be filed within the time allowed in Board regulations.

considering the administrative judge's failure to issue a show cause order providing the appellant an opportunity to respond to the proposed sanctions, the confusion caused by the administrative judge's July 3 and July 19, 2019 orders, and the fact that the appellant did state her objection to the sanctions order in her closing brief, we find that it is appropriate to consider the issue on review. *See* 5 C.F.R. § 1201.115(e) (providing that the Board reserves the authority to consider any issue in an appeal before it).

¶14    Under the totality of these circumstances, the administrative judge's action amounted to an abuse of discretion, and we remand these appeals to the regional office. *See Hart v. Department of Agriculture*, 81 M.S.P.R. 329, ¶ 7 (1999) (considering all the facts in determining that the appellant's failure to comply with the administrative judge's order was inadvertent). On remand, the assigned administrative judge shall afford the parties an opportunity to complete discovery and file prehearing submissions and shall conduct a prehearing conference. The administrative judge shall also hold a supplemental hearing and issue new initial decisions.[5] In doing so, the administrative judge will make new findings regarding the appellant's affirmative defenses, taking into account the Board's recent precedent in *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, which was issued after the initial decisions in these matters.

---

[5] Although we join the appeals on petition for review, on remand the administrative judge may decide whether they should remain joined. *See* 5 C.F.R. § 1201.36.

**ORDER**

¶15     For the reasons discussed above, we remand these cases to the regional office for further adjudication in accordance with this Remand Order.


FOR THE BOARD:                          /s/ for
                                        _____
                                        Jennifer Everling
                                        Acting Clerk of the Board
Washington, D.C.